FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA -3 AM 9: 43
NORTHWESTERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

JIM W. HILL, et al.,

    PLAINTIFFS,

vs.                                      CASE NO. CV-99-J-2806-NW

REYNOLDS METALS COMPANY,

    DEFENDANT.

ENTERED
DEC 3 1999

## MEMORANDUM OPINION

This action is before the court on the plaintiffs' motion to remand this case to the Franklin County Circuit Court (doc. 5). The defendant submitted written argument and authorities in opposition to this motion (doc. 14). This matter was taken up in open court on November 30, 1999 at which all parties were present by and through their counsel of record. The court having considered the motion, defendant's response and oral argument of the parties, the court is of the opinion said motion to remand is due to be granted.

This complaint was filed as a class action and asserts the state law claims of unjust enrichment, breach of contract, and fraudulent inducement. Complaint at ¶¶ 27-31. The plaintiffs claim that the defendant promised to pay them a one-time, lump sum termination allowance if they remained employed with the defendant until such time as the defendant closed or sold the plant. The plaintiffs allege that this representation was made to them in spite of the fact that the "Enhanced Benefits Package" stated that only those employees who met certain conditions would receive the one time payment. Similarly, the plaintiffs allege

that they were told the defendant was going to treat the sale of the defendant's plant as a "plant closure," entitling plaintiffs to the above payment. Plaintiffs' complaint at ¶¶ 16-19, 23-25.

In its Notice of Removal, the defendant alleges that this case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The defendant asserts that the one-time, lump sum benefit was part of the "Reynolds Metals Company Termination Allowance Policy." Notice of Removal at 4. The defendant alleges that, in accordance with that policy, the employees who met the criteria of the policy were paid the benefits in question but none of the plaintiffs fell into that category. Notice of Removal at 8.

According to the defendant, a plan governed by ERISA was in place, and under that plan, the plaintiffs are not eligible for the termination benefit because they do not meet the criteria specified in the plan. The defendant continues that since this is a question of entitlement to a benefit under the plan, the plaintiffs' claims are governed by ERISA, and hence federal court jurisdiction is absolute due to the complete preemptive nature of ERISA.

The plaintiffs, on the other hand, argue that they were promised the amount listed in the policy if they stayed employed with the defendant until the plant closed or was sold, as an incentive to not find other employment, over and above any payment to which they were entitled under the plan. The plaintiffs' argument is based on theories of breach of contract and other similar claims as alleged in their complaint.

that they were told the defendant was going to treat the sale of the defendant's plant as a "plant closure," entitling plaintiffs to the above payment. Plaintiffs' complaint at ¶¶ 16-19, 23-25.

In its Notice of Removal, the defendant alleges that this case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* The defendant asserts that the one-time, lump sum benefit was part of the "Reynolds Metals Company Termination Allowance Policy." Notice of Removal at 4. The defendant alleges that, in accordance with that policy, the employees who met the criteria of the policy were paid the benefits in question but none of the plaintiffs fell into that category. Notice of Removal at 8.

According to the defendant, a plan governed by ERISA was in place, and under that plan, the plaintiffs are not eligible for the termination benefit because they do not meet the criteria specified in the plan. The defendant continues that since this is a question of entitlement to a benefit under the plan, the plaintiffs' claims are governed by ERISA, and hence federal court jurisdiction is absolute due to the complete preemptive nature of ERISA.

The plaintiffs, on the other hand, argue that they were promised the amount listed in the policy if they stayed employed with the defendant until the plant closed or was sold, as an incentive to not find other employment, over and above any payment to which they were entitled under the plan. The plaintiffs' argument is based on theories of breach of contract and other similar claims as alleged in their complaint.

Thus, the question this court must determine is whether a promise to make a payment, the dollar amount of which is specified by a plan, but promised regardless of whether the terms or criteria of the plan are met, is a claim under ERISA or a claim under state law for breach of contract, fraudulent inducement and/or unjust enrichment.

This court notes from the outset that plaintiffs do not allege that they have not received a benefit to which they are entitled under a plan, but rather that they were promised this payment regardless of whether they were entitled to the same under the plan. While the defendant strives to argue that the plaintiffs are not eligible for the termination payment under the criteria for the same in the plan, the plaintiffs' complaint demonstrates that the plaintiffs do not claim entitlement under the plan, but rather wholly outside of it as a result of representations that they would receive this payment regardless of whether they met the requirements of the plan. In this sense, the parties are in agreement, no one claims that the plaintiffs are entitled to this payment under the termination policy.

Plaintiffs allege that the representations of payment of the benefit to all salaried employees who stayed with defendant until the sale of the plant were made orally through statements at "open-forum informational meetings between Reynolds and employees to explain the status of the closure or sale of the plant and its implications for employees." Plaintiff's motion to remand at 3-4; complaint at ¶¶ 19, 23. Clearly, such oral representations cannot amend the terms of an ERISA plan. *See* 29 U.S.C. § 1102(a)(1); *Nachwalter v. Christie*, 805 F.2d 956, 960 (11th Cir.1986). Since the plan itself, according to defendant's argument, did not provide for payment of the termination benefit to these employees, and the

3

oral representation that they would all receive the same as a bonus for their loyalty could not amend the plan, this promise of payment could not arise under ERISA.

The Eleventh Circuit has recently stated:

> A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally. 28 U.S.C. § 1441. Federal district courts, of course, have original jurisdiction over diversity cases and matters arising under federal law. 28 U.S.C. §§ 1331, 1332. Because, in this case, there is no contention that diversity jurisdiction exists between the parties, federal jurisdiction must rest, if at all, on federal questions jurisdiction. Under the "well-pleaded complaint" rule, a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. *Kemp v. Int'l Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Because the well-pleaded complaint rule requires a federal question to appear on the face of the plaintiff's complaint, a defense presenting a federal question -- even a valid one -- cannot create removal jurisdiction. *Id.*

*Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).

In the case before this court, the plaintiffs allege only state law claims. No federal question is discernable from the face of the complaint. The Eleventh Circuit, in *Whitt*, addressed this consideration as follows:

> .... Under the general terms of the well-pleaded complaint rule, therefore , the removal of this case to federal court was improper because the preemption defense was not presented on the face of the complaint (citation omitted).
>
> The doctrine of "complete preemption" or "super preemption," however, qualifies the general well-pleaded complaint rule. *Kemp*, 109 F.3d at 712. Where Congress preempts an area of law so completely that any complaint raising claims in that area is necessarily federal in character, super preemption applies, and federal jurisdiction exists, even if the face of the complaint does not plead federal claims. *Id.*, (citing *Metropolitan Life Ins. Co., v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (other citation omitted). Super preemption converts state law claims into federal claims for purposes of the well-pleaded complaint rule, allowing a

4

defendant to remove the case to federal court. *Id.* As this Court has recognized, the Supreme Court has held that Congress created super preemption in ERISA, which provides the exclusive cause of action for the recovery of benefits governed by an ERISA plan....

Thus, this Court has found that the jurisdictional issue in cases such as the one at hand is dependent upon whether the plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a).

*Whitt,* 147 F.3d at 1329.

The Eleventh Circuit has adopted a "flexible analysis" for determining whether an ERISA plan has been established. Such plans will be found to exist where "from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits. *Whitt*, 147 F.3d at 1330, citing *Williams v. Wright*, 927 F.2d 1540, 1543 (11th Cir.1991); *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc) (citation omitted).

In their complaint, the plaintiffs allege they were promised termination pay as a benefit, in exchange for continued employment with the defendant, whether or not they were entitled to that pay under the termination policy adopted by the defendant. Complaint at ¶ 16-17, 19. Based on this allegation, this court is unable to conclude that the promised benefits were within an ERISA plan. The plaintiffs allege that the defendant merely promised to pay them if conditions precedent were met, namely that they continued their employment with the defendant until the plant sale was completed.[1] Thus, while the court can ascertain the intended benefit and the class of beneficiaries, no source of financing is

---

[1] The obvious benefit to the defendant of this promise was that the continued employment of plaintiffs would make the defendant more marketable to a buyer.

apparent and no procedure for receiving the one time benefit was established beyond the defendant's oral promise to pay. As the Court in *Donovan* stated, "[I]t is the reality of plan, fund or program and not the decision to extend benefits that is determinative." *Whitt*, 147 F.2d at 1331; citing *Donovan*, 688 F.2d at 1373. *See also Kulinski v. Medtronic Bio-Midicus, Inc.*, 21 F.3d 254, 256 (8th Cir. 1994) (stating that an employer's decision to extend benefits does not, in and of itself, constitute the establishment of an ERISA plan) (citations omitted).

Here, the parties both point to no more than the decision to extend a one time benefit in support of their respective positions. The Supreme Court has stated that a one-time, lump sum severance payment does not constitute a plan as defined under ERISA. *Fort Halifax Packing Co., Inc., v. Coyne*, 482 U.S. 1, 9, 107 S.Ct. 2211, 2218 (1987) ("To do little more than write a check hardly constitutes the operation of a benefit plan"). *See also Velarde v. Pace Membership Warehouse, Inc.*, 105 F.3d 1313, 1317 (9th Cir. 1997) (agreement to pay bonus and severance pay if employees worked through a certain date not a plan for purposes of ERISA).

This court is also mindful that the Eleventh Circuit has expressed a preference for remand where federal jurisdiction is not absolutely clear. *See e.g. Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). The Supreme Court has stated " ... ERISA already has an elaborate scheme in place for enabling beneficiaries to learn their rights and obligations at any time, a scheme that is built around reliance on the face of written plan documents .... Every employee benefits plan shall be established and maintained pursuant to a written

instrument." *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 82-83, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995).

In the facts before this court, the plaintiffs allege they were told, in essence, "Regardless of what is in the plan, we, your employer, will pay you a termination benefit in return for your continued employment until the sale of the plant is complete." *See* plaintiff's motion to remand at 4. By its very nature, such a promise cannot be part of an ERISA plan.

Because this court finds that the benefit for which the plaintiffs sue was represented by the defendant to be payable to them, regardless of whether or not they met the criteria for the same under the termination policy, this court finds no ERISA claim the plaintiffs can establish to recover benefits due them under the terms of the plan. See 29 U.S.C. § 1132(a)(1)(B). As no ERISA claim exists, no preemption exists. As no other basis for jurisdiction exists, this court lacks jurisdiction of the solely state court claims raised by the plaintiffs. *See* 28 U.S.C. §§ 1332, 1441(b).

In consideration of the foregoing, this court hereby **GRANTS** the plaintiffs' motion to remand. It is therefore **ORDERED** by the court that said case be and hereby is **REMANDED** to the Circuit Court of Franklin County, from whence it was removed.

**DONE** and **ORDERED** this the ____2____ day of December, 1999.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE